Meredith R. Dearborn (SBN 268312)
mdearborn@bsfllp.com
BOIES SCHILLER FLEXNER LLP
425 Tasso Street, Suite 205
Palo Alto, CA 94307
Telephone: (650) 445-6400
Facsimile: (650) 329-8507

William A. Isaacson (DC SBN 414788) (*Pro Hac Vice* to be filed)
wisaacson@bsfllp.com
William C. Jackson (DC SBN 475200) (*Pro Hac Vice* to be filed)
wjackson@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

*Attorneys for CZ Services, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CZ SERVICES, INC., d/b/a CAREZONE PHARMACY<br><br>           Plaintiff,<br><br>vs.<br><br>EXPRESS SCRIPTS HOLDING COMPANY and EXPRESS SCRIPTS, INC.<br><br>           Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**(i) False Representation of Fact in Violation of The Lanham Act 15 USC § 1125(a)**<br>**(ii) Trade Libel**<br>**(iii) Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*.**<br>**(iv) Intentional Interference with Prospective Economic Relations**<br>**(v) Negligent Interference with Prospective Economic Relations**<br>**(vi) Defamation**<br><br>**DEMAND FOR JURY TRIAL** |

# TABLE OF CONTENTS

NATURE OF THE ACTION ................................................................. 1

JURISDICTION ................................................................................. 2

VENUE ............................................................................................. 3

INTRA DISTRICT ASSIGNMENT ...................................................... 3

THE PARTIES .................................................................................. 3

BACKGROUND ................................................................................ 4

FACTS GIVING RISE TO THIS ACTION ............................................ 6

   A.  ESI's Efforts to Eliminate Pharmacies that Provide Prescriptions via Mail .................. 6

   B.  ESI's Efforts to Terminate its Contract with CZ Services ................................. 6

   C.  ESI Posts Defamatory Content about CZ Services on its Website and Twitter ................. 7

   D.  ESI'S Illegal and Improper Termination of CZ Services from ESI's Pharmacy Network ................. 10

CLAIMS .......................................................................................... 13

   COUNT I ...................................................................................... 13

     False Representation of Fact in Violation of The Lanham Act, 15 U.S.C § 1125(a) ....... 13

   COUNT II ..................................................................................... 13

     Trade Libel ................................................................................ 13

   COUNT III .................................................................................... 14

     Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* ............... 14

   COUNT IV .................................................................................... 16

     Intentional Interference with Prospective Economic Relations .......................... 16

   COUNT V ..................................................................................... 17

     Negligent Interference with Prospective Economic Relations .......................... 17

   COUNT VI .................................................................................... 18

     Defamation ................................................................................ 18

PRAYER FOR RELIEF ...................................................................... 19

JURY DEMAND ............................................................................... 19

i

Plaintiff CZ Services, Inc., d/b/a CareZone Pharmacy ("CZ Services"), through its undersigned attorneys, alleges for its Complaint against Defendants Express Scripts Holding Company and Express Scripts, Inc., (collectively "ESI") as follows.

## NATURE OF THE ACTION

1.    This is an action against ESI for its publishing of defamatory statements against CZ Services in violation of the Lanham Act, as well as trade libel, unfair competition, intentional interference with prospective economic relations, negligent interference with prospective economic relations, and defamation under the laws of California. This is also an action for unfair competition based on ESI's unlawful termination of CZ Services from ESI's network in violation of the Medicare Part D and Medicaid "Any Willing Pharmacy" ("AWP") laws.

2.    In an attempt to undermine CZ Services' standing and inhibit competition from CZ Services, ESI has repeatedly and publicly made false statements, including falsely stating that CZ Services was operating in violation of various state laws and was operating in ways that risked its customers' safety.

3.    By publishing these false statements about CZ Services, ESI has attempted to and has harmed CZ Services. ESI's false statements are particularly damaging to CZ Services in light of the fact that CZ Services operates in a highly regulated pharmaceutical industry, assisting individuals with obtaining prescription medications. By providing no evidence of the illegal activity that it claims is occurring, ESI has encouraged consumers and state and federal regulators to draw the false conclusion that CZ Services is not in compliance with state and federal laws and risked its customers' safety. ESI's statements, which ESI had previously made to CZ Services and which CZ Services had previously demonstrated were false, were intended to undermine CZ Services' position with various federal and state regulators, as well as with the marketplace in which CZ Services and ESI operate.

4.    As a result of Defendants' actions, CZ Services will likely suffer a loss of goodwill with state and federal regulators, loss of its otherwise loyal consumer base, and harm in the marketplace in general. ESI's actions also harm competition and consumers within the State

1

**CZ SERVICES, INC.'S COMPLAINT**

of California. This action seeks injunctive relief and damages for Defendants' defamatory statements.

5.     In addition, ESI's announced termination of CZ Services from ESI's prescription drug plan network violates the AWP provisions of the Medicare Part D Act, 42 U.S.C. §1395w-104(b)(1)(A), and Section 1902(a)(23) of the Social Security Act for Medicaid, 42 U.S.C. § 1396a, each of which provides that a Pharmacy Benefit Manager ("PBM") that serves Medicare and/or Medicaid recipients—who make up roughly two-thirds of CZ Services' customer base—must allow all properly licensed pharmacies to participate in any health insurance plan.

6.     ESI's improper and unlawful actions in defaming CZ Services, and terminating CZ Services from its network, will not only harm CZ Services, but also harm thousands of patients who rely on CZ Services' unique adherence packaging, partnership with the CareZone app, and other services, depriving them of their choice of pharmacy and harming their health and welfare.

## JURISDICTION

7.     The Court has subject matter jurisdiction under 28 U.S.C. § 1338(b), this being a federal action for violation of the Lanham Act, 15 U.S.C. § 1125(a)(1), the Medicare Part D Act, 42 U.S.C. §1395w-104(b)(1)(A), and the Social Security Act, 42 U.S.C. § 1396a, joined with related claims for trade libel, unfair competition, intentional interference with prospective economic relations, negligent interference with prospective economic relations, and defamation under the laws of California.

8.     This Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is diversity of citizenship among the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

9.     The Court has personal jurisdiction over the parties under due process and California's long-arm statute, California Code of Civil Procedure § 410.10. Plaintiff CZ Services maintains its principal place of business and has its headquarters in Richmond, California, in this District. Defendants maintain presence and regularly conduct business within California and this District, including without limitation (a) by maintaining places of business in San Francisco and

Richmond, California, as represented on ESI's website;[1] and (b) by serving patients and other interested parties that Defendants know or have reason to know are located within in this District. In addition, ESI's conduct was calculated to cause injury to CZ Services within this District. ESI posted the false and defamatory statements identified herein on the Internet, where they were intended to and likely to be viewed by interested persons within this District, and where they were in fact viewed by interested persons within this District.

### VENUE

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in which a substantial part of the events or omissions giving rise to the claim occurred.

### INTRA DISTRICT ASSIGNMENT

11.     This action arose in Contra Costa County. It is therefore properly assigned to the San Francisco or Oakland Division of this Court pursuant to Local Rule 3-2(d).

### THE PARTIES

12.     Plaintiff CZ Services, Inc., d/b/a CareZone Pharmacy ("CZ Services") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 860 Harbor Way South, Richmond, California 94804. CZ Services is a retail walk-in pharmacy that has been in operation since June 2015. It has licenses to fill prescriptions for the residents of all 50 states and the District of Columbia. CZ Services is wholly owned by Jonathan Schwartz, the former CEO of Sun Microsystems.

13.     Defendant Express Scripts Holding Company is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at One Express Way, St. Louis, Missouri 63121.

14.     Defendant Express Scripts, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at One Express Way, St. Louis, Missouri 63121.

---

[1] *See* Express Scripts website, "Where We Are," *available at* https://careers.express-scripts.com/us/en/whereweare (last accessed 6/25/2018) (identifying the following locations in California: Costa Mesa, Irvine, Richmond, San Francisco).

CZ SERVICES, INC.'S COMPLAINT

15.     ESI is the largest Pharmacy Benefit Manager ("PBM") in the United States, with more than 1.4 billion prescription drugs dispensed to consumers through its Pharmacy Services Network each year. ESI conducts business throughout the United States and manages pharmacy benefits for tens of millions of patients, including in this District. ESI also operates as a pharmacy, directly or through subsidiaries that include ESI Mail Order Processing, Inc., and ESI Mail Pharmacy Service, Inc. ESI, directly or through its subsidiaries, has sold prescription drugs to consumers by mail-order delivery during all times relevant to this Complaint. In 2017, ESI's annual operating revenue from its operations exceeded $100 billion.

## BACKGROUND

16.     CZ Services is an independent, retail pharmacy that dispenses prescriptions to walk-in patients, or to a walk-in agent of the patient, as allowed under state and federal laws. CZ Services is licensed, and in good standing, in all 50 states and the District of Columbia.

17.     CZ Services has a partnership with CareZone Inc., a separate company that acts as an agent for patients and assists patients and their family members in managing the patient's medications. The CareZone app allows a patient to take a photograph of his or her prescription bottle and create an automatic list of all the medications he or she is taking, which can be shared with family members or health-care providers, as well as program in automatic reminders to take the proper dose of medication on time. Another service that CareZone provides to some of its customers is coordinating the pickup of medications from pharmacies on behalf of those customers, and the delivery of those medications to the patient for free. CZ Services also provides "adherence packaging," which assists patients in taking their medication regularly. These services combine to provide a valuable resource to patients, particularly those managing multiple health conditions and medications, and has assisted thousands of patients in increasing their compliance with the medication regimens prescribed by their physicians.

18.     ESI is a pharmacy benefit manager ("PBM") that manages the pharmacy benefits of approximately 83 million Americans. ESI is the 22nd largest company in the United States, with 2016 revenue of approximately $101 billion; in the same year, it processed more than 1.4 billion claims for prescription benefits. PBMs, such as ESI, are intermediaries between

insurance company plans and pharmacies. ESI is the largest PBM in the United States, controlling close to 50% of the PBM market.

19.     In addition to providing PBM services, ESI directly or through subsidiaries that include ESI Mail Order Processing, Inc. and ESI Mail Pharmacy Service, Inc., also sells prescription drugs by mail-order. ESI is the largest mail-order pharmacy company in the United States, with approximately $45 billion in annual revenue.

20.     In its role as a PBM, ESI provides a bundle of pharmacy network services to insurance carriers, known as its Pharmacy Services Network ("PSN" or "ESI PSN"), through which all sales of prescription drugs must be made to the consumers whose drug benefits are managed by ESI. Insurance companies that offer prescription drug benefits contract with ESI to manage their insureds' claims paperwork, negotiate with drug companies, and administer reimbursements to pharmacies that fill their insureds' prescriptions (on behalf of the insurance company). In order to participate in ESI's PSN, insurance companies must agree that ESI has discretion to set the terms and provisions for administering the PSN.

21.     When a patient member of ESI's PSN goes to a drugstore, she pays the pharmacy a copayment, and ESI reimburses the pharmacy for the remainder of the price it determines it will pay the pharmacy for the prescribed medication. Thus, in order to process prescriptions covered by an insurance company that uses ESI's PSN, pharmacies must agree to ESI's terms – 67,000 pharmacies in the United States have become providers. To become a provider, ESI requires that pharmacies enter into its form Pharmacy Provider Agreement, a non-negotiable contract with terms unilaterally determined by ESI. ESI's Pharmacy Provider Agreement ("Agreement"), as well as an extensive Network Provider Manual that the Agreement incorporates by reference, allows pharmacies to sell prescription drugs to consumers through the "retail, storefront" channel only, and expressly prohibits pharmacies from making sales to consumers through "mail order[.]"

22.     ESI has acted aggressively to enforce its prohibition on its broad definition of mail-order pharmacies. ESI has taken this approach for a single reason: to steer as many patients

as it can to its own mail-order pharmacy, in order to thwart competition from innovative market entrants, and thereby increase ESI's profits.

## FACTS GIVING RISE TO THIS ACTION

### A.  ESI's Efforts to Eliminate Pharmacies that Provide Prescriptions via Mail

23.  In recent months, ESI has communicated to all provider pharmacies that they "are prohibited from acting as mail-order pharmacies." In fact, when CZ Services inquired whether ESI would work with mail-order pharmacies, ESI wrote that it "is a mail order pharmacy that doesn't accept another mail order pharmacy service." *See* Exhibit A; *see also* Exhibit B. ESI has launched a campaign, including onerous investigations and audits, to identify provider pharmacies that ESI believes might compete with ESI's mail-order business. ESI has threatened to punish provider pharmacies that engage in activities that ESI perceives as a threat to its mail-order business. To enforce these threats, ESI has terminated numerous pharmacies for allegedly engaging in activities that ESI characterizes as mail-order. CZ Services is a recent victim of these tactics.

### B.  ESI's Efforts to Terminate its Contract with CZ Services

24.  ESI has announced its plan to terminate its contract with CZ Services because CZ Services has emerged as an innovative competitor to ESI's mail-order pharmacy business. *See* Exhibits C–E.

25.  Initially, ESI accused CZ Services of operating as a mail-order pharmacy service, in violation of ESI's Pharmacy Provider Agreement, despite the fact that CZ Services has not mailed or sent any prescriptions to customers. *See* Exhibits C–E. In reality, CZ Services fills prescriptions both for patients who walk into CZ Services' pharmacies and for those who are unable or unwilling to walk in themselves, and thus wish to have their prescriptions picked up and delivered to them by their agents, like CareZone.

26.  Over a ten-month period, ESI offered shifting and inconsistent pretextual rationales for terminating its Pharmacy Provider Agreement with CZ Services. Despite several months of CZ Services' good-faith negotiations, ESI ultimately sent CZ Services a notice of

termination that reiterates many of its false, pretextual allegations, and also terminates the Agreement under the Agreement's "termination at will" provision.

27.    ESI's real reason for terminating CZ Services is that CZ Services' innovative services designed to better assist patients, combined with the services provided by CareZone, threaten ESI's dominant position in the market for direct delivery of prescription drugs to patients.

**C.      ESI Posts Defamatory Content about CZ Services on its Website and Twitter**

28.    On June 19, 2018, ESI posted an "industry update" on its website, www.express-scripts.com, titled "The Facts About Care Zone." In this article, first posted the morning of June 19, ESI made the following false statements about CZ Services, which ESI refers to as "CareZone," that directly alleged, or otherwise implied, that CZ Services was operating illegally:

> Laws, rules and regulations govern how pharmacies operate and how we, as a pharmacy benefit manager, work with those pharmacies, and we regularly review the practices of pharmacies in our network … However when a pharmacy breaks the law, misrepresents itself, or otherwise violates the agreement we have, we take action, and remove it from the network.

> In the case of CareZone, that is exactly what we are doing. During a recent review, we found two CareZone Pharmacy locations were operating in direct violation of the retail provider requirement in their agreements, had failed to comply with a number of other obligations under their agreements, and that many prescriptions were being mailed to states where the dispensing pharmacy was not licensed in violation of state law.

> Because CareZone is violating state pharmacy laws and is unwilling to comply with its contract, we are removing CareZone from our network.

Exhibit F.

29.    In short, ESI stated that CZ Services "breaks the law," was engaging in actions "in violation of state law," and "is violating state pharmacy laws." None of those statements are accurate. In addition, ESI knew or should have known that these statements were inaccurate at the time that ESI posted them. State pharmacy licenses are a matter of public record. In its very first response letter to ESI more than a year ago, CZ Services confirmed it is licensed in

all 50 states and the District of Columbia, and provided copies of specific licenses requested by ESI. Exhibits C–E.

30.     Despite these falsehoods, ESI promoted this article on its Twitter account @ExpressScripts on June 19, 2018 at 9:21am, in the following tweet:



Exhibit G.

31.     This tweet, stating or implying that CZ Services is not in fact delivering quality care, affordable access, or operating legally, was published to ESI's 21,800 Twitter followers.

32.     By the afternoon of June 19, ESI posted a slightly modified version of its original post, changing the title to "Some Facts About Care Zone." The modified post preserved the falsehoods included in the morning post:

> Our network pharmacies are expected to deliver quality care, affordable access, and operate legally. Good news is that most every one of the 70,000 pharmacies we work with shares those traits. Then there is CareZone.
>
> We work with more than 70,000 pharmacies in America to make sure our members have affordable and convenient access to medicine, as well as quality pharmacy care. Most pharmacies comply with the rules. However, when a pharmacy breaks the law, misrepresents itself, or otherwise violates the agreement we have, we have to take action and remove it from the network.
>
> In the case of CareZone, that is exactly what we are doing. During a recent review, we found two CareZone Pharmacy locations were operating in direct violation of the retail provider requirement in their agreements, had failed to comply with a number of other obligations under their agreements, and that many prescriptions

> were being mailed to states where the dispensing pharmacy was not licensed, which is a violation of state law.
>
> Because CareZone is violating state pharmacy laws and is unwilling to comply with its contract, we are removing CareZone from our network.

Exhibit H.

33.     Rather than retracting its false statements, ESI repeated and expanded them. ESI spoke to reporters, including reporters from both CNBC and Axios, among others, and reiterated these false statements that CZ Services was not complying with the relevant pharmacy laws.

34.     The June 19 post attached as Exhibit H remains online at the time of filing, available to any Internet user who visits ESI's webpage. Given the size of ESI's business and customer base, the promotion on this content on its website and Twitter account, and the severity of the allegations that CZ Services is acting in violation of state and federal laws, ESI's statements have caused and will continue to cause significant damage to CZ Services' reputation and future business opportunities.

35.     By accusing CZ Services of breaking both federal and state law, ESI's statements are causing irreparable harm to CZ Services and to the public at large. The pharmacy industry is highly regulated at both the state and federal level. Any accusation of illegal activity, especially by an industry behemoth such as ESI, will needlessly draw the attention of state and federal regulators, potentially cause the wasteful expenditure of public funds, cause competitive harm, and dissuade vulnerable patients from using CZ Services' pharmacies.

36.     By implying that the termination of CZ Services must be done to ensure "patient safety," ESI is attempting to drive customers away from CZ Services by disseminating the false rumor that CZ Services is not in compliance with laws in all 50 states and the District of Columbia, where CZ Services' customers reside. These false statements deprive CZ Services' patients of the unique, innovative services it offers to assist them in managing their care. By publishing false statements, ESI has insulated its mail-order business from losing customers to pharmacies and agents that provide better quality service, such as CZ Services.

37.     ESI's false statements have done and are continuing to do significant damage to CZ Services' business and reputation. CZ Services generated millions of dollars of revenue in 2016 and 2017, and its business has been growing at more than 200% year over year. While CZ Services' damages have not yet been finally assessed given the recent nature of the post, CZ Services' growth trajectory and business have already been impaired and will likely continue to be impaired as a result of ESI's false statements. In addition, ESI's false statements have interfered with CZ Services' relationships with regulators and investors, damaged CZ Services' brand and goodwill, and have harmed CZ Services' and its employees' and principals' reputations. In addition to the actual harm suffered, ESI's false statements that CZ Services has broken state and federal pharmacy laws is defamation *per se*, entitling CZ Services to presumed damages.

38.     If Defendants continue to publicize these falsehoods, CZ Services will suffer irreparable damage.

39.     This is not the first instance of ESI using its website to publish defamatory statements about an alleged competitor to its mail-order business. After a dispute with PillPack pharmacy, in which ESI threatened to terminate its contract for PillPack's operation of operating a mail-order pharmacy in violation of ESI's Pharmacy Provider Agreement, ESI published a similar blog post to its customers about PillPack's alleged violation of state laws. Exhibit I.

40.     By utilizing the internet to inform the public of contractual disputes, ESI is using its dominant position in the industry to eliminate any competition to its mail-order pharmacy business, depriving CZ Services' patients of their choice of pharmacy and the valuable services it provides.

**D.     ESI'S Illegal and Improper Termination of CZ Services from ESI's Pharmacy Network**

41.     Contrary to ESI's libelous and defamatory statements, CZ Services is operating legally. ESI, however, is violating federal law and California unfair competition law by terminating CZ Services from ESI's prescription drug plan network.

42.     The "Any Willing Pharmacy" provision of the Medicare Part D Act, 42 U.S.C. §1395w-104(b)(1)(A), mandates that "[a] prescription drug plan shall permit the participation of any pharmacy that meets the terms and conditions under the plan." 42 U.S.C. § 1395w-104(b)(1)(A). Likewise Section 1902(a)(23) of the Social Security Act, 42 U.S.C. § 1396a, provides Medicaid beneficiaries the right to obtain medical services "from any institution, agency, community pharmacy, or person, qualified to perform the service or services required … who undertakes to provide … such services." These provisions are often referred to as the "any willing provider' or "free choice of provider" provision.

43.     CZ Services meets the terms and conditions of the plans for Medicare Part D and Medicaid, and has accepted and complied with ESI's standard terms and conditions, as described herein. Therefore, ESI must permit CZ Services to participate in its network under the AWP provisions.

44.     The goal of the AWP provisions is to allow patients enrolled in Medicare or Medicaid prescription drug plans to obtain their prescriptions at the pharmacy of their choice. The Act ensures that a Medicare patient's relationship with his or her pharmacist can be maintained by ensuring a pharmacy's equal participation in the prescription drug plan.

45.     Medicare covers uniquely vulnerable populations within the United States. In order to qualify for Medicare, potential beneficiaries must be 65 years of age or older, have certain disabilities, or have end-stage renal disease.[2] AARP data released in November 2017 found that, in 2016, more than one third of Medicare recipients were 75 or older; 16 percent qualified for coverage before turning 65, on the basis of permanent disability; and 66 percent lives with two or more chronic conditions.[3] Medicare recipients also tend to be lower-income. In 2016, half of all Medicare beneficiaries had incomes less than two times the federal poverty

---

[2] Center for Medicare and Medicaid Services, General Info, *available at* https://www.cms.gov/Medicare/Medicare-General-Information/MedicareGenInfo/index.html
[3] Olivia Dean, Claire Noel-Miller, and Keith Lind, Who Relies on Medicare? A Profile of the Medicare Population (AARP Public Policy Institute, November 2017), *available at* https://www.aarp.org/content/dam/aarp/ppi/2017/11/who-relies-on-medicare-a-profile-of-the-medicare-population.pdf (last accessed July 7, 2017).

level, and one in four had less than $14,550 in total savings (e.g., retirement accounts and financial assets).[4]

46.   CZ Services serves this vulnerable population in a unique way: the vast majority of patients who come to CZ Services use the CareZone app, which, as described above, is designed to help chronically ill people manage their health and multiple medications. Because most people who use the app are quite ill, most people who use the pharmacy are the same. The average pharmacy patient is 56 years old and is taking five medications. Nearly 50% are on Medicare and/or Medicaid. The pharmacy does not fill acute prescriptions—all of its patients are on long-term maintenance prescription regimens. In addition, CZ Services provides pharmacy care for participants in federal PACE programs serving elder populations, with the average patient taking eleven medications.

47.   The AWP provisions also protect a pharmacy's right to participate in Medicare and Medicaid prescription drug dispensing. As stated above, CZ Services has remained in compliance with all of the terms and conditions of ESI's provider agreement. However, ESI has decided to proceed with the termination of CZ Services' provider agreement based on the false pretense that CZ Services is operating a mail-order pharmacy.

48.   ESI's decision to terminate the agreement ignores all the evidence that CZ Services is not a mail-order pharmacy. This false, pretextual decision demonstrates ESI's desire to abuse its powerful industry position to eliminating entities that ESI perceives to be potential competition to its mail-order pharmacy business. And by terminating CZ Services from its network, ESI is jeopardizing the health and care of CZ Services' uniquely vulnerable, elderly, and poly-chronic patients, depriving them of the valuable services that CZ Services, on its own and in conjunction with the CareZone app, provide in order to help them manage their health conditions and medications. Without those services, these vulnerable patients' compliance with prescription medications, and therefore their health and welfare, will suffer.

49.   Given CZ Services' continued compliance with all terms and conditions of its

---

[4] *Id.*

provider agreement, ESI's termination is unlawful under the federal AWP law and represents unfair competition under California law.

## CLAIMS

## COUNT I

**False Representation of Fact in Violation of The Lanham Act, 15 U.S.C § 1125(a)**

50.     CZ Services restates and incorporates by reference each of the allegations set forth herein.

51.     After ten months of correspondence stating that CZ Services is in compliance with state and local law, and that it does not operate a mail-order pharmacy, ESI published the aforesaid public statements.

52.     The publication of the message was in violation of Section 43 the Lanham Act, 15 U.S.C. § 1125(a)(1). In connection with goods or services in commerce, ESI used words conveying a false or misleading representation of fact in commercial advertising or promotion. These statements misrepresented the nature, characteristics, or qualities of CZ Services' goods, services, and/or commercial activities.

53.     Publication of these statements proximately caused special and general compensatory damages to CZ Services.

## COUNT II

## Trade Libel

54.     CZ Services restates and incorporates by reference each of the allegations set forth herein.

55.     The above-described publications by ESI were false and misleading. They referred directly to CZ Services' business, specifically to the pharmaceutical services sold by CZ Services and CZ Services' compliance with law. Furthermore, said publications are read and understood to refer to the services sold by CZ Services.

56.     The above-described statements by ESI disparaged CZ Services' business, including the services sold by CZ Services.

57.     The above-described statements induced customers to believe that CZ Services is operating illegally.

58.     As a proximate result of the above-described statements, CZ Services has suffered substantial injury to its reputation and business valuation.

59.     As a further proximate result of the above-described statements, CZ Services has suffered substantial injury to its business, including but not limited to substantial loss of business and income.

60.     ESI published the statements described above with malice and fraud. ESI knew, based at least on ten months of correspondence, that the content of the publication was false and misleading and would result in substantial injury to CZ Services.

61.     ESI communicated the content with the purpose and objective of causing injury to CZ Services. CZ Services therefore seeks an award of punitive damages.

62.     ESI has explicitly targeted CZ Services' business, both with respect to the goods and with respect to the services that it sells. As a result, CZ Services will suffer lost profits and damages to its business reputation and goodwill.

## COUNT III

**Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*.**

63.     CZ Services restates and incorporates by reference each of the allegations set forth herein.

64.     By the facts alleged above, ESI has engaged in unfair competition within the meaning of California Business & Professional Code § 17200 *et seq*., (the "Unfair Competition Law" or "UCL"), which prohibits "unlawful, unfair or fraudulent" business acts and practices.

65.     ESI's conduct, as alleged herein, is unlawful because it constitutes a violation of the laws described in the Counts in this Complaint. For example, ESI's conduct constitutes defamation in violation of California Civil Code § 44, resulting in harm to Plaintiff and consumers; it is unlawful for ESI to falsely accuse Plaintiff of violating state and federal laws on its website and social media. ESI's unlawful business acts and practices significantly threaten

and harm competition in the market of pharmacies, and harm those consumers reliant on the pharmaceutical services provided by CZ Services.

66.    ESI's announced termination of CZ Services from ESI's network is also unlawful as a violation of the AWP provisions of the Medicare Part D Act, 42 U.S.C. §1395w-104(b)(1)(A) and the Social Security Act, 42 U.S.C. § 1396a. Those provisions mandate that a PBM like ESI must permit the participation of any pharmacy in its network that serves Medicare Part D and Medicaid prescription drug benefits and meets the criteria specified in that Act. CZ Services meets the conditions of the AWP provisions. It is therefore unlawful for ESI to refuse to permit CZ Services to participate in its network, and it is unlawful to use a false and pretextual justification to terminate its provider agreement with CZ Services. ESI's unlawful termination threatens and harms competition by systematically excluding pharmacies like CZ Services that ESI (rightly or wrongly) views to compete with its captive mail-order pharmacy, and harms vulnerable patients reliant on Medicare or Medicaid who have chosen to fill their prescriptions with CZ Services and who will lose the ability to make that choice if CZ Services is excluded from ESI's network.

67.    In addition, ESI's conduct, as alleged herein, is unfair. ESI's conduct threatens an incipient violation of an antitrust law, violates the policy or spirit of an antitrust law, or otherwise significantly threatens or harms competition. For example, as described in detail above, it is unfair for ESI to use its website and social media platform to falsely accuse Plaintiff of violating state and federal laws. ESI has taken these actions in order to steer patients away from CZ Services and to its own captive mail-order pharmacy, thwarting competition from innovative market entrants like CZ Services, in an attempt to increase ESI's profits. ESI's actions have harmed and are continuing to harm competition and consumers, and have caused substantial reputational and financial injury to CZ Services.

68.    ESI's conduct, as alleged herein, is fraudulent. Its statements about CZ Services are false, misleading, and/or likely to deceive consumers. For example, the fraudulent statements described more fully above, are likely to confuse and deceive the public that CZ Services is not in compliance with state and federal pharmacy regulations. This confusion has injured and will

continue to injure both CZ Services and its consumers who rely on Plaintiff's pharmaceutical services and who, before the defamatory statements were published, had no reason to believe that CZ Services was not in full compliance with state and federal laws.

69.     There were reasonably available alternatives to further ESI's legitimate business interests, other than the conduct described herein.

70.     ESI's unlawful, unfair, and fraudulent business acts and practices are a direct and proximate injury to CZ Services. CZ Services has suffered harm in California, and in all 50 states and the District of Columbia, where customers of Defendants and Plaintiff reside.

71.     CZ Services has no adequate remedy at law for the foregoing wrongful conduct. Absent injunctive relief, CZ Services will continue to be irreparably harmed by ESI's actions.

72.     As alleged herein, Plaintiff has suffered injury in fact and lost money or property as a result of ESI's conduct within the meaning of California Business & Professions Code § 17204.

73.     CZ Services seeks an injunction prohibiting ESI from continuing such practices, corrective advertising, restitution, and any and all other relief this Court deems appropriate. Cal. Bus. & Prof Code § 17203.

## COUNT IV

### Intentional Interference with Prospective Economic Relations

74.     CZ Services restates and incorporates by reference each of the allegations set forth herein.

75.     Having engaged in the business of providing pharmaceutical services to customers, economic relationships exist between CZ Services and numerous third parties as existing or prospective customers. As a result of these relationships, CZ Services reasonably anticipated a probability of future economic benefit.

76.     As a competitor to CZ Services, ESI knew that Plaintiff was engaged in the business alleged herein, and knew of the existence of the relationships alleged above and the probability of future economic benefit arising from said relationships.

77.     The above-described communications were defamatory and constituted trade libel.

78.     The above-described communications were made by ESI intentionally and were designed to disrupt CZ Services' economic relationships.

79.     As a proximate result of the above-described communications, CZ Services has suffered substantial injury to its business, including but not limited to the substantial loss of business and income.

80.     The interference with CZ Services' existing and prospective economic relationships by ESI was done with malice and fraud. ESI knew or should have known that the content of the communications was false and misleading and would result in substantial injury to CZ Services, based at least in part on CZ Services' informing ESI of the falsity of those statements in correspondence. This conduct was done with the purpose and objective of causing harm. CZ Services therefore seeks an award of punitive damages.

## COUNT V

### Negligent Interference with Prospective Economic Relations

81.     CZ Services restates and incorporates by reference each of the allegations set forth herein.

82.     Having engaged in the business of selling pharmaceutical services at all material times herein, economic relationships exist between CZ Services and numerous third parties as existing and prospective customers of CZ Services. As a result of the existence of these relationships, CZ Services reasonably anticipated the probability of future economic benefits.

83.     As a competitor in the delivery of pharmaceuticals, ESI knew that CZ Services was engaged in the business alleged herein and further knew, or should have known, of the existence of the relationships alleged above and the probability of future economic benefit arising from these relationships.

84.     ESI knew, or should have known, that the statements described above would disrupt these prospective economic relationships.

85.    ESI nevertheless negligently published or caused the communication of the above-described communications.

86.    ESI knew, or should have known, that the publication described was defamatory, based at least in part on CZ Services' informing ESI of the falsity of those statements in correspondence. This conduct was wrongful separate and apart from the interference with CZ Services' existing and prospective customers.

87.    As a direct and proximate cause of the above-described communications, CZ Services has suffered substantial injury to its business.

## COUNT VI

### Defamation

88.    CZ Services restates and incorporates by reference each of the allegations set forth herein.

89.    ESI's false and misleading statements and communications have exposed CZ Services to increased speculation from the public that CZ Services engaged in fraud, dishonesty, unsafe pharmaceutical practices, or other illegal and improper conduct in its business dealings.

90.    The publications alleged above were communicated directly to CZ Services' potential customers. By doing so, ESI intended to disseminate and publish false and misleading statements to generate sales for its mail-order business at the illegitimate expense of CZ Services.

91.    As a proximate result of the above-described publications, CZ Services has suffered substantial loss of its reputation.

92.    As a further proximate result of the above-described publications, CZ Services has suffered substantial injury to its business.

93.    The communications described above were made by ESI with malice and fraud in that ESI knew that the content of such publications was false and misleading and would result in substantial injury to CZ Services and was communicated for the purpose of causing injury to CZ Services. CZ Services therefore seeks an award of punitive damages.

1

## PRAYER FOR RELIEF

2

WHEREFORE, Plaintiff prays for judgment as follows:

3      A.      For monetary damages sustained by CZ Services as a result of ESI's unlawful acts as

4   alleged in an amount to be proven at trial;

5      B.      For general and special damages;

6      C.      For statutory damages;

7      D.      For punitive damages;

8      E.      For treble damages;

9      F.      For presumed damages for harm to reputation;

10      G.      For an injunction against ESI and its officers, agents, servants, representatives,

11   employees, attorneys, parents, subsidiaries, related companies, partners, successors,

12   predecessors, assigns, distributors, and all persons acting for, with, by, through or under them,

13   and each of them: restraining them from directly or indirectly publishing any additional false

14   statements about CZ Services similar to those identified in this Complaint;

15      H.      For restitution and other equitable relief in an amount to be determined;

16      I.      For an order requiring ESI to retract and publish a correction for the false allegations

17   published on its website;

18      J.      For an order requiring ESI to provide CZ Services a full and complete accounting of

19   all amounts due and owing CZ Services as a result of ESI's activities complained of herein;

20      K.      For an order awarding Plaintiff its reasonable attorneys' fees;

21      L.      For costs of suit incurred herein;

22      M.      For prejudgment interest; and

23      N.      For such other and further relief as is just and proper.

24

## JURY DEMAND

25

CZ Services demands a trial by jury on all issues so triable.

26

27

28

Dated: July 13, 2018          Respectfully submitted,

                              By:  */s/ Meredith R. Dearborn*
                                   Meredith R. Dearborn (SBN 268312)
                                   mdearborn@bsfllp.com
                                   BOIES SCHILLER FLEXNER LLP
                                   425 Tasso Street, Suite 205
                                   Palo Alto, CA 94307
                                   Telephone: (650) 445-6400
                                   Facsimile: (650) 329-8507

                                   William A. Isaacson (DC SBN 414788)
                                   (*Pro Hac Vice* to be filed)
                                   wisaacson@bsfllp.com
                                   William C. Jackson (DC SBN 475200)
                                   (*Pro Hac Vice* to be filed)
                                   wjackson@bsfllp.com
                                   BOIES SCHILLER FLEXNER LLP
                                   1401 New York Avenue, N.W.
                                   Washington, DC 20005
                                   Telephone: (202) 237-2727
                                   Facsimile: (202) 237-6131

                                   *Attorneys for CZ Services, Inc.*

**CZ SERVICES, INC.'S COMPLAINT**