UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CZ SERVICES, INC., et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>EXPRESS SCRIPTS HOLDING COMPANY, et al.,<br><br>                    Defendants. | Case No. 3:18-cv-04217-JD<br><br>**ORDER RE MOTIONS TO SEAL** |

A hallmark of our federal judiciary is the "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Public access maintains confidence in the fair and impartial administration of justice, and protects the integrity and independence of the courts. This is why the business of the federal judiciary is done in open court.

In limited circumstances, there may be grounds for curtailing public access. This is an exception to the rule, and so a party requesting that a document or evidence be sealed from the public needs to present a good reason explaining why. A particularized showing of good cause is required to seal documents related to non-dispositive motions, and a compelling reason supported by specific facts is needed before the Court will consider sealing records involving dispositive motions such as a summary judgment motion. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

Both sides in this litigation have filed a slew of motions to seal discovery letters, briefs, declarations, and exhibits. All told, the parties seek to seal a mountain of records that ordinarily would be accessible to the public. While the sheer breadth of the sealing requests prompts

concerns, the main problem is that the parties barely made an effort to justify their motions. Each side typically offered perfunctory claims that a document contained "highly sensitive and confidential" information that would impair "business negotiations with prospective business partners and would provide competitors with an unfair business advantage," and other equally unilluminating statements. *See, e.g.*, Dkt. No. 253 ¶¶ 6, 7, 8, 11; *see also* Dkt. No. 283 ¶ 5. Such conclusory and unsupported formulations, which for example do not explain how a competitor would use the information to obtain an unfair advantage, are insufficient for sealing. *Ochoa v. McDonald's Corp.*, Case No. 14-cv-02098-JD, 2015 WL 13064913, at *1 (N.D. Cal. Apr. 13, 2015).

The sealing motions also violate our District's local rules. "A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L-R 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material." *Id.* In this case, the parties ask to seal documents and records on a wholesale basis, and without any discernable effort to limit sealing to genuinely protectable materials.

Even more egregiously, the parties have asked to seal records that are patently not sealable. For example, ESI filed with its summary judgment motion -- a dispositive motion that triggers the compelling reason showing for sealing -- a request to redact large portions of its brief and over sixty exhibits in their entirety. The first exhibit was the online post that is the basis of CZ Pharmacies' defamation claims: "Some Facts About CareZone." Dkt. No. 249 at 1 (motion); Dkt. No. 249-1 ¶ 4 (declaration); Dkt. No. 249-5 (exhibit). The post was, of course, freely and openly available on the internet, hence the defamation claims. CZ Pharmacies also attached an unredacted copy of the post to the first amended complaint, Dkt. No. 24-8, and alleged that it "remains online at the time of filing, available to any Internet user who visits ESI's webpage," Dkt. No. 24 ¶ 38. CZ Pharmacies points out that "CareZone did not designate as confidential under the protective order and does not seek to maintain under seal" nine of the exhibits filed in conjunction ESI's motion for summary judgment, including the post. Dkt. No. 255 ¶ 3.

1   This is just one example of the overbroad sealing requests made by both sides. The Court will not burn more resources on cataloguing the others. The better approach is to return this problem to the parties for corrective action that follows our local rules, the Court's sealing practices, and governing law. The Court would be well within bounds to order everything filed in the public record, but it will give the parties a second chance to make a well-supported request to seal a discrete number of records. This opportunity does not apply to the evidence cited by the Court in the summary judgment order, Dkt. No. 333, or the expert witnesses order, Dkt. No. 334. The Court has determined that the parties cannot establish compelling reasons for sealing that evidence. *See In re Midland Nat'l Life Ins. Annuity Sales Practices Litig.*, 686 F.3d 1115 (9th Cir. 2012) (*Daubert* motion connected to pending summary judgment motion subject to compelling reasons standard for sealing). Good cause also is not present. The parties are directed to file unredacted copies of these materials by August 14, 2020.

If the parties would like to try again for other materials, they may file a single consolidated motion to seal identifying each document for sealing. The parties must meet and confer on any sealing disputes before filing the consolidated motion. For those documents that the parties agree should not be sealed, they must be filed on the public docket noting the docket number and pin cite of the previous sealing request. The parties must deliver or mail to Chambers a binder containing all of the documents proposed for sealing, with consecutive tab numbers for each document. Each tab should contain an unredacted version of the document with the proposed redactions highlighted in yellow. The highlighting must allow the Court to easily read the underlying text. If the parties propose to redact an entire document, they should make a note on the first page of the document and omit highlighting. For long documents, they should include only the pages with portions that the party wishes to seal. No other materials should be in this binder -- no arguments, declarations, or anything else. In addition, a full copy of each unredacted document with only the proposed redactions highlighted must be filed under seal on ECF.

Any renewed administrative motion to seal must be accompanied by a joint declaration that states with particularity, and in a non-conclusory fashion, the factual bases supporting sealing under the applicable legal standard. Any disagreements should be noted in the joint declaration.

1  The parties must also provide a single proposed order in the table format specified in Civil Local Rule 79-5(d)(1)(B) as modified here: (i) the far left column should list the tab number for each document; (ii) the next column should specify the exact portions to be sealed; (iii) the next column should state succinctly the specific and particularized reason for sealing and give pin cites to the declaration paragraphs supporting the reasons to seal; and (iv) the rightmost column should provide a space for the Court to indicate whether the request is denied or granted.

These materials must be filed by August 21, 2020. If no motion is filed, parties must file unredacted copies of each of the documents previously sought to be sealed in the public docket by August 24, 2020.

For any future motions to seal, the Court expects the parties will embrace this order and use the same approach. The Court advises the parties that it will restrict or bar the opportunity to file future motions to seal if a party shows again an inability to conform to the governing standards, the local rules, or the Court's orders.

**IT IS SO ORDERED.**

Dated: August 5, 2020

JAMES DONATO
United States District Judge