UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CZ SERVICES, INC., et al.,

        Plaintiffs,

v.

EXPRESS SCRIPTS HOLDING COMPANY, et al.,

        Defendants.

Case No. 3:18-cv-04217-JD

**PRETRIAL ORDER NO. 2**

1. <u>Defamation</u>: Defendant Express Scripts (ESI) has asked whether plaintiffs CZ Services, Inc. and CareZone Pharmacy LLC (collectively CZ) are public figures for purposes of CZ's defamation claims. Dkt. No. 461. The answer is no.

Whether an entity "is a public figure is a question of law that must be assessed through a totality of the circumstances." *Manzari v. Associated Newspapers Ltd.*, 830 F.3d 881, 888 (9th Cir. 2016). As the Ninth Circuit has stated many times, an entity may be a public figure when it "achieve[s] such pervasive fame or notoriety that [it] becomes a public figure for all purposes and in all contexts," called an all purpose public figure, or when it "voluntarily injects [itself] or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues," called a limited purpose public figure. *Id.* (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974)). The Supreme Court has been clear that "equat[ing] 'public controversy' with all controversies of interest to the public" is improper. *Time, Inc. v. Firestone*, 424 U.S. 448, 454 (1976). Under California law, a public controversy is "a dispute that in fact has received public attention because its ramifications will be felt by persons who are not direct participants." *Annette F. v. Sharon S.*, 119 Cal. App. 4th 1146, 1164 (Cal. Ct. App. 2004).

1 ESI says that CZ was a limited purpose public figure because CZ voluntarily created a public controversy. Dkt. No. 461 at 1-2. But ESI relies primarily on CZ's internal documents to show that CZ had plans to reach out to patients and get them to send complaints to various government agencies. *Id.*; Dkt. No. 353-9; Dkt. No. 353-15. ESI points to only two emails as evidence that those efforts bore any fruit, one of which was sent by a CareZone employee who was also deposed in connection with this case. *See* Dkt. No. 353-11; Dkt. No. 353-12. ESI points to only one news article published by CNBC in 2018 that is said to establish that this was a public controversy. *See* Dkt. No. 463-11.[1] A single news report is a paltry showing of public controversy, and the story is even less compelling given that it is mainly a business news item reporting on ESI's termination of the contract with CZ. *Id*. Considering this limited evidence, the Court is not convinced that there was a public controversy that CZ voluntarily created or entered. Consequently, CZ was not a public figure for purposes of its defamation claims. If evidence is presented at trial that indicates otherwise, the Court may reconsider CZ's public figure status.

2. <u>Witness Hsieh</u>: With respect to witness Hsieh, the Court already ruled on ESI's motion in limine to exclude Hsieh's damages testimony. Dkt. No. 454 at 2-3. The Court deferred a decision on the motion until it heard the testimony at trial. ESI now asks that CZ be required to show evidence of its damages theories before Ms. Hsieh testifies and before CZ references any damages theories. Dkt. No. 507 at 2. The request is declined, and the prior order stands.

**IT IS SO ORDERED.**

Dated: January 26, 2022

JAMES DONATO
United States District Judge

---

[1] For an unknown reason, ESI provided at this docket entry a Twitter announcement of the news article, rather than the article itself, which is accessible via a link embedded in the tweet.